IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TREGLIA,

      Plaintiff,                        No. CIV S-07-0444 FCD EFB P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

      Defendants.            ORDER

      Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1       The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2 screening, finds that it states a cognizable claim that defendants Sergeants David R. Rios,  J.
3 Cantu, C. Gibson, M. Nielson and Correctional Officers L. Wallace and T. Miller used excessive
4 force against him.  *See* 28 U.S.C. § 1915A.
5       The complaint does not state a cognizable claim against defendant J. Gaskin or the
6 California Department of Corrections and Rehabilitation.
7       Plaintiff may proceed forthwith to serve defendants David R. Rios,  J. Cantu, C. Gibson,
8 M. Nielson, L. Wallace and T. Miller and pursue his claims against only those defendants or he
9 may delay serving any defendant and attempt to state a cognizable claim against defendants J.
10 Gaskin and the California Department of Corrections and Rehabilitation.
11       If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
12 defendants J. Gaskin and the California Department of Corrections and Rehabilitation, he has 30
13 days so to do.  He is not obligated to amend his complaint.
14       If plaintiff elects to proceed forthwith against defendants David R. Rios,  J. Cantu, C.
15 Gibson, M. Nielson, L. Wallace and T. Miller, against whom he has stated a cognizable claim for
16 relief, then within 20 days he must return materials for service of process enclosed herewith.  In
17 this event the court will construe plaintiff's election as consent to dismissal of all claims against
18 defendants  without prejudice.
19       Any amended complaint must show the federal court has jurisdiction, the action is
20 brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
21 must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
22 who personally participated in a substantial way in depriving plaintiff of a federal constitutional
23 right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
24 deprivation of a constitutional right if he does an act, participates in another's act or omits to
25 perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
26 contends he was the victim of a conspiracy, he must identify the participants and allege their

agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Plaintiff purports to bring this action against the California Department of Corrections and Rehabilitation (CDCR), although he makes no specific allegations against this entity. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The CDCR is not a proper defendant.

1    Plaintiff alleges that defendant J. Gaskin negligently discharged pepper spray into
2 plaintiff's face during a disciplinary hearing. To state a claim under the Eighth Amendment,
3 plaintiff must allege, at a minimum, acts or omissions evidencing defendant knew of and
4 disregarded his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v.
5 Brennan*, 511 U.S. 825, 837 (1994). An excessive force claim requires allegations that the
6 defendant acted sadistically and maliciously for the very purpose of causing harm. *Hudson v.
7 McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff's allegations satisfy neither standard.

8    The court (and defendant) should be able to read and understand plaintiff's pleading
9 within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many
10 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
11 injury, or joining a series of unrelated claims against many defendants, very likely will result in
12 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
13 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

14    If plaintiff's pleading is deficient on account of an omission or technical defect, the court
15 will not dismiss it without first identifying the problem and giving plaintiff an opportunity to
16 cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be
17 construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff
18 violates the federal rules, once explained, or the court's plain orders.

19    An amended complaint must be complete in itself without reference to any prior
20 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
21 files an amended complaint, the original pleading is superseded.

22    By signing a third amended complaint plaintiff certifies he has made reasonable inquiry
23 and has evidentiary support for his allegations and that for violation of this rule the court may
24 impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

25    A prisoner may bring no § 1983 action until he has exhausted such administrative
26 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs. Tit.* 15, § 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants David R. Rios,  J. Cantu, C. Gibson, M. Nielson, L. Wallace and T. Miller.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants J. Gaskin and the California Department of Corrections and Rehabilitation are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants David R. Rios,  J. Cantu, C. Gibson, M. Nielson, L. Wallace and T. Miller.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed April 3, 2007, six USM-285 forms and instructions for service of process on defendants David R. Rios,  J. Cantu, C. Gibson, M. Nielson, L. Wallace and T. Miller.  Within 20 days of service of this order plaintiff may return the attached Notice of

Submission of Documents with the completed summons, the completed USM-285 forms, and seven copies of the endorsed April 3, 2007, amended complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants David R. Rios,  J. Cantu, C. Gibson, M. Nielson, L. Wallace and T. Miller will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants J. Gaskin and the California Department of Corrections and Rehabilitation without prejudice.

Dated:  May 21, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DANIEL TREGLIA,

11         Plaintiff,                    No. CIV S-07-0444 FCD EFB P

12      vs.

13  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION,
14
           Defendants.               NOTICE OF SUBMISSION OF DOCUMENTS
15  _____/

16      Plaintiff hereby submits the following documents in compliance with the court's order

17  filed _____:

18         __1__        completed summons form

19         __6__        completed forms USM-285

20         __7__        copies of the   April 3, 2007
                                        Amended Complaint
21

22  Dated:
23
                                        _____
24                                              Plaintiff

25
26