IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TREGLIA,

    Plaintiff,                    No. CIV S-07-0444 FCD EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATIONS,

    Defendants.           ORDER
_____/

    Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On June 8, 2007, plaintiff filed a request for an order directing prison officials to provide him with additional time in the law library. For the reasons explained below, the request for additional time in the law library is denied.

    Plaintiff essentially asserts that the time he is permitted in the law library is so inadequate that he is being denied access to the courts. In order to show such a denial, plaintiff must demonstrate that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996). The docket in this case belies any notion that plaintiff's time in the prison law library has been inadequate

1

under *Lewis*. On May 22, 2007, the court found that plaintiff's second amended complaint was sufficient to state a claim against some defendants but not against others. The court explained the deficiencies of the complaint and gave plaintiff time either to file an amended complaint or to proceed against the defendants against whom he had stated claims for relief. On June 8, 2007, plaintiff filed both a third amended complaint and a request for a blank summons to enable him to submit all papers necessary for service of process. Also on June 8, 2007, plaintiff requested an order directing prison officials to permit him more time in the law library to enable him effectively to litigate this action. On June 29, 2007, the court found that it was not clear how plaintiff wished to proceed, directed the Clerk of the Court to send to plaintiff the materials necessary for him to effect service of process, and gave plaintiff time to submit these materials. The court also warned plaintiff that if he did not submit the materials, the court would construe this as a choice to proceed on the June 8, 2007, third amended complaint. On July 26, 2007, plaintiff filed a request that the June 8, 2007, complaint be disregarded and a fourth amended complaint.

    The court finds that plaintiff has stated claims against various defendants, advised plaintiff of the deficiencies of other claims and explained these deficiencies to him. Plaintiff does not explain how the limits on his time in the law library have hindered his ability to pursue claims that this court has identified and explained to plaintiff. Thus, the court finds that he has not demonstrated that his right of access to the courts has been denied.

    Accordingly, it is ORDERED that plaintiff's June 8, 2007, request for an order directing prison officials to give him more time in the law library is denied.

Dated: August 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE