IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TREGLIA,

    Plaintiff,                    No. CIV S-07-0444 EFB P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND         ORDER
REHABILITATION, et al,

    Defendants.

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c)(1). Plaintiff alleges in his April 3, 2007, complaint that defendants used excessive force against him. Defendants'[1] filed on May 23, 2008, a motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies. For the reasons explained below, defendants' motion, construed as a motion for summary judgment, must be granted.

---

[1] Defendants Cantu, Rios, Gibson, Neilson and Wallace filed a motion to dismiss on May 23, 2008. Defendant Miller joined in that motion on June 12, 2008. Thus, all defendants seek dismissal.

1

## I. Facts

In the complaint, plaintiff alleges that on or around October 11, 2006, he was working on the recreational yard when an officer ordered all the prisoners down. Am. Compl., at 3. Once the prisoners complied, guards began to search for weapons. *Id.* Defendants Rios, Miller and Wallace approached plaintiff, who was prone on the ground, and with other unknown guards surrounded plaintiff. *Id.*, at 4. One of the officers planted a weapon on plaintiff, whereupon Wallace and Miller grabbed plaintiff's arms and defendants Nielson, Rios, Cantu and Gibson beat plaintiff on his side, head, ribs and legs. *Id.* Thereafter, Gibson held plaintiff while Rios dispensed pepper spray in plaintiff's face from close range. *Id.* On October 25, 2006, plaintiff filed a grievance about this treatment. Defs.' Mot. to Dism., Exh. B, at 2. As relief, he sought money damages and stated, "I'm hoping this will be granted to prevent any public attention or filing of a board of claims." *Id.* The informal level of review was bypassed. *Id.* Thus, on January 28, 2008, prison officials issued a memorandum decision on the first formal level of review. Defs.' Mot. to Dism., Exh. B, at 1. The memorandum noted plaintiff's allegations and construed plaintiff's request for relief as seeking punishment of the perpetrators and money damages. *Id.* It also noted that prison officials had "completed" a review of plaintiff's allegations by interviewing several officers, viewing a video tape of the incident and reviewing the offers' reports about the incident. *Id.* Furthermore, plaintiff's appeal was "partially granted," but insofar as plaintiff sought adverse action against the guards "a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process." *Id.* The memorandum further explained:

> Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

*Id.* Defendants have submitted the declaration of an appeals coordinator, I. O'Brian. Decl. of O'Brian in Supp. of Defs.' Mot. to Dism. O'Brian states that he has reviewed prison records and has found no appeal about this matter on the second formal level of review. *Id.* ¶ 5. Defendants also have submitted the declaration of the Chief of the Inmate Appeals Branch ("IAB"), N. Grannis, in support of their assertion that plaintiff did not appeal this matter to the Director's Level of Review. Defs.' Mot. to Dism., Attach. 1. Grannis asserts that his search of IAB records shows that from October 11, 2006, through March 6, 2007, the IAB received no appeal from plaintiff for review on the Director's Level. *Id.* ¶ 3. Nowhere does plaintiff allege that he filed an appeal to the Director's Level of Review.

## II. Standards Applicable to This Motion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a

defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[2] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.* The Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

The United States Supreme Court expressly stated in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense. It also stated that if the affirmative defense can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate. *Id.* at 215. The Court analogized to a motion to dismiss based on a statute limitations defense and stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc.

---

[2] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor. The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement. *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

4

8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*.

But, even when they are not addressed to the merits affirmative defenses which require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)) are properly considered on summary judgment, with disputed material factual issues reserved for resolution through credibility determinations as to the live testimony of the conflicting witnesses.[3] Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[4] The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural requirements are to be expressly

---

[3] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, should be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

[4] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

made by Congress. *Jones*, 549 U.S. at 212, 214-16. Additionally, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1119, n.14.

Thus, whether a motion for failure to exhaust under the PLRA may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim. Regardless of whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that *Wyatt* is controlling in these circumstances and that the instant motion is properly construed as an "unenumerated" Rule 12(b) motion to dismiss. Accordingly, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 119, n.15. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

### III.  Summary Judgment Standards

Under Rule 56, resolution of the exhaustion issue in favor of defendants is appropriate when it is demonstrated that there is "no genuine issue as to any material fact" over the question. Fed. R. Civ. P. 56(c). The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus,

the rule functions to"'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir.1995).

For the opposing party to establish a genuine issue of fact the factual dispute must meet two requirements. First, the dispute must be over a fact(s) that is material, i.e. one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, which here involves the question of whether plaintiff has met the exhaustion requirement. *Id. (*"As to materiality, the substantive law will identify which facts are material.")

Second, the dispute must be genuine. In this regard, the court must focus on which party bears the burden of proof on the factual dispute in question. Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the record relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him]

on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in that party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that affects the outcome of the case.

On March 25, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**IV.     Analysis**

Here, defendants contend there is no evidence to support a conclusion that plaintiff exhausted the available administrative remedies. Plaintiff asserts that prison officials' having found that they "completed" a review of his allegations and having "partially granted" his grievance signaled that no further redress was available. Pl.'s Opp'n, at 3. He also argues that he should be deemed to have satisfied the exhaustion requirement because his grievance adequately placed prison officials on notice of the problem he wished to have resolved, which is an important policy underlying the exhaustion requirement. *Id.*, at 2. Plaintiff is correct that one purpose of the exhaustion requirement is to notify prison officials of a problem. *See Porter v. Nussle*, 534 U.S. 523, 524-25 (2002). However, the point of such notice is to permit an opportunity for full consideration of the problem, meaning that the prisoner must utilize all the procedures available for seeking redress. *Id.* In this case, the evidence shows that plaintiff cut the process short, thereby preventing the full realization of this opportunity. As defendants note, the memorandum decision specifically informed plaintiff that further redress was available despite the decision on the first formal level. Plaintiff argues that the language to which defendants refer, quoted above, simply meant that the fact of filing a complaint about staff, as opposed to some other factor relating to confinement, will not result in an unfair denial of access

to review on the Director's Level. Pl.'s Opp'n, at 6. While the language is not a model of clarity, the court finds that it did not signal completion of the administrative process. Rather, it informed him that he could seek further redress in the appeals process despite the nature of his complaint, i.e., a complaint against a staff member. It also clearly stated that in order to exhaust the available remedies he must appeal to, and receive a decision from, the Director's Level of Review. Plaintiff submits no evidence that he filed an appeal about the events of October 11, 2006, to the Director's Level of Review. On the evidence currently before the court, there is no genuine dispute about whether plaintiff exhausted the available administrative remedies. Since exhaustion is mandatory, the lack of a genuine dispute about whether plaintiff satisfied this requirement renders all other disputes immaterial. Thus, defendants' motion must be granted.

**V.    Conclusion**

Defendants correctly assert that plaintiff has not submitted any evidence that he appealed to the Director's Level of Review the events over which he now sues defendants. Since plaintiff was required to do so in order to commence this action, all other disputes are immaterial and there is nothing for a jury to resolve. Defendants' motion must be granted.

In accordance with the above, it is hereby ORDERED that:

1. Defendants' May 23, 2008, motion to dismiss is construed as a motion for summary judgment and, so construed, is granted;

2. All other pending motions are denied; and,

3. The Clerk of the Court is directed to enter final judgment in this matter.

Dated: March 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE